BAXTER, J., Concurring.
I concur fully in Justice Corrigan’s determination that defendant’s conviction under Penal Code section 186.22, subdivision (a) (section 186.22(a)) must be reversed. As she explains, an active gang participant only violates section 186.22(a) if he commits the requisite felony collectively with one or more “members of that gang,” rather than while acting alone, as defendant did here. However, unlike Justice *1140 Corrigan, I base my conclusion solely on the plain meaning of the express statutory language. Indeed, I find Justice Corrigan’s analysis persuasive in this regard. Because there is no need to consider the constitutional implications of a contrary construction, as Justice Corrigan does, I write separately to summarize my views.
Two of the three elements of the gang offense in section 186.22(a) are not in issue here: (1) active participation in a criminal street gang, and (2) knowledge that gang members engage in, or have engaged in, a pattern of criminal gang activity.
Critical here is the third element that the knowing and active gang participant “willfully promote[], further[], or assist[] in any felonious criminal conduct by members of that gang.” (§ 186.22(a), italics added.) By using a plural construction, the ordinary meaning of which is clear, the gang offense requires felonious criminal conduct committed by at least two “[gang] members,” including any defendant who is a member of “that gang.” (Ibid.) As Justice Corrigan notes, if the Legislature had intended simply to make it a separate offense for an active, knowing gang participant to engage in crime, it could have omitted the relevant language, and said that any such person “who willfully [commits,] promotes, furthers, or assists in any felonious criminal conduct . . . shall be punished” as prescribed by statute. In that case, no purpose would be served by the tagline “members of that gang.” I join Justice Corrigan in avoiding such surplusage.
In a related vein, I also agree with Justice Corrigan that, as a matter of statutory construction, lone actors are punishable under section 186.22(a) insofar as their criminal sentences can be enhanced under subdivision (b)(1) of the statute (section 186.22(b)(1)). This sentencing provision applies to “any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.” (Ibid.)
I recognize, of course, that a seemingly similar reference to gang “members” appears in both section 186.22(a) and section 186.22(b)(1). However, small but significant differences in grammar and context make clear that the enhancement provision lacks the same multiple-actor condition as the gang offense.
First, section 186.22(b)(1), unlike section 186.22(a), applies where the defendant, even if acting alone, “specific[ally] inten[ds]” by his felonious *1141 action to promote, further, or assist in any criminal conduct by gang members. Section 186.22(b)(1)’s reference to promoting, furthering, or assisting gang members thus merely describes a culpable mental state. By contrast, the gravamen of section 186.22(a) is that the defendant’s own criminal conduct must itself directly promote, further, or assist felonious criminal conduct by members of the gang. Thus, section 186.22(a) implies joint criminal action with other gang members—an implication that does not necessarily arise in section 186.22(b)(1). This difference suggests we need not construe gang “members” in each provision the same way.
The relevant two subdivisions also treat criminal conduct by gang “members” differently. As noted, section 186.22(a) plainly requires felonious criminal conduct committed in tandem by at least two gang members, one of whom may be the defendant. In contrast, nothing in section 186.22(b)(1) states or implies that the criminal conduct by gang members which the defendant intends to promote, further, or assist is the same criminal conduct underlying the felony conviction subject to enhancement. For this reason too, the direct and specific link between criminal conduct committed by the defendant and that committed by other gang members set forth in the gang offense (§ 186.22(a)) is not present in the gang enhancement (§ 186.22(b)(1)).
Accordingly, I agree with Justice Corrigan that the gang offense in section 186.22(a), unlike the gang enhancement in section 186.22(b)(1), does not extend to defendants who commit the requisite criminal conduct on their own. No reference to other principles, authorities, or theories, including due process, is necessary to reach this conclusion. I therefore take no position on such matters.